UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CLAYTON SCHWANN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No. 17-12458-DJC |
| FEDEX GROUND PACKAGE SYSTEM, INC., et al., | | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                    **August 29, 2018**

**I.      Introduction**

Plaintiff Clayton Schwann ("Schwann"), proceeding *pro se*, brings claims against his former employer, FedEx Ground Package Systems Inc. ("FedEx"), and two FedEx employees, Paul Callahan ("Callahan") and Don Clark ("Clark"), in their individual capacities (collectively, the "Defendants"). D. 1. Schwann alleges wrongful termination, retaliation, harassment, and constructive discharge by Defendants. Id. at 1. Defendants FedEx and Clark now move to dismiss Schwann's complaint pursuant to Fed. R. Civ. P. 12(b)(6). D. 10. For the reasons stated below, the Court ALLOWS Defendants FedEx and Clark's motion to dismiss, D. 10, and dismisses the complaint as to all Defendants with prejudice.

1

## II. Factual Background

Unless otherwise indicated, the following facts are drawn the complaint, D. 1, and accepted as true for the purposes of considering the motion to dismiss. Schwann began working for FedEx in 2002. D. 1 ¶ 1. In 2005, Schwann became dissatisfied with a voluntary change in route assignments that he alleges was "not what FedEx promised." D. 1 ¶ 2. For two years, Schwann requested to return to his old route or be assigned to a new route but was unsuccessful. D. 1 ¶¶ 2-3. Schwann's efforts included becoming involved with a union in 2006 and sending multiple letters to Callahan, a Vice President of FedEx, concerning his route assignment. D. 1 ¶ 3; D. 1-3 at 3; 5. In October 2008, there was an "incident" in which one of Schwann's supervisors, Clark, "put [Schwann] in fear of [his] physical safety." D. 1 ¶ 4. The following month, Clark and another employee met Schwann at his truck to talk to him about a customer complaint and prevented him from leaving the terminal. D. 1-3 at 5. During the conversation, Clark told Schwann that "[Schwann] didn't understand English" and Clark "said in a sarcastic tone 'comprende.'" Id. Around the same time, Schwann was also prohibited from speaking Portuguese with another co-worker. D. 1 ¶ 5. Throughout 2008, Schwann's workload remained light, even during busy times such as the Christmas season. D. 1 ¶ 4.

In early 2009, Schwann complained about workplace safety to his supervisors. D. 1 ¶¶ 5-6. Worried that he would face retaliation, Schwann "showed [his] Weingarten rights card to a FedEx manager." D. 1. ¶ 7. Two weeks later, Schwann was "disciplined" by not getting any work. Id. Schwann's workload continued to be light through July 2009, resulting in a significant decrease in pay compared to the previous year. D. 1 ¶ 8. On July 14, 2009, Clark began reading a prepared statement to Schwann and Schwann handed Clark a copy of his Weingarten rights. D. 1 ¶ 9. Clark responded by telling Schwann that he had been fired and yelled at Schwann to leave the premises.

Id. FedEx officially terminated its contractual arrangement with Schwann on April 6, 2010. D. 1-3 at 25. Between February 2009 and February 2011, Schwann sent many more letters regarding his concerns to various supervisors at FedEx, including Callahan and Clark. D. 1-3 at 10; 12; 14; 18; 21; 27; 30.

Schwann sought relief from various administrative agencies. Based on one of Schwann's letters, it appears that Schwann filed a charge against FedEx with the National Labor Relations Board ("NLRB") in late 2008. D. 1-3 at 4. There is no further information regarding the NLRB complaint in the record. In July 2010, Schwann filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") on the basis of national origin discrimination. D. 11-4 at 5. MCAD dismissed the complaint for a lack of probable cause in 2013. D. 11-5. Schwann appealed the dismissal. D 11-6. After an appeal hearing in 2014, MCAD affirmed the dismissal. Id.

### III. Relevant Procedural History

In 2014, Schwann initiated another case in this Court in which he filed an amended complaint in this Court that was largely identical to the complaint he filed three years later in this case. Compare D. 1 with Schwann v. FedEx Ground Package Sys., Inc., No. 14-cv-13396-RGS (D. Mass. Aug. 20, 2014), ECF No. 6; D. 11-2. There, the Court directed Schwann to file an amended complaint to comply with the pleading requirements of Fed. R. Civ. P. 8(a). Mem. & Order, Schwann, No. 14-cv-13396 (D. Mass. Oct. 23, 2014), ECF No. 4. The Court explained that Schwann "must not only identify his cause of action, but he must provide sufficient factual allegations that would allow the Court to reasonably infer that the defendant [was] liable." Id. at 3. In response, Schwann filed an amended complaint, D. 6, that is substantially similar to his complaint in this case, that did not cure the defects of the original complaint. Schwann, No. 14-

cv-13396-RGS, 2015 U.S. Dist. LEXIS 6659 (D. Mass. Jan. 20, 2015). In dismissing the amended complaint, the Court held that Schwann's allegations of "inappropriate 'stray remarks' . . . [did] not 'raise a right to relief above the speculative level.'" Id. at *3 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In 2017, Schwann filed a motion to reopen his case and the Court denied the request, but noted that Schwann "may file a new civil case." Schwann, No. 14-cv-13396 (D. Mass. Oct. 4, 2017), ECF Nos. 9; 11.

Now, several years after filing his original complaint, Schwann has filed the instant case. D. 1. Schwann served the Defendants by sending a letter via certified mail to counsel for FedEx. D. 7. FedEx agreed to waive the insufficient service of process under Fed. R. Civ. P. 4 on behalf of FedEx but not Clark or Callahan. D. 8 ¶ 7; D. 8-1 at 2. Defendants FedEx and Clark moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). D. 10. On August 27, 2018, the Court heard the parties on the pending motions and took this matter under advisement. D. 31.

## IV. Discussion

### A. Claims Against FedEx and Don Clark

Defendants FedEx and Don Clark have moved to dismiss under Fed. R. Civ. P. 12(b)(6). The Court will grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint fails to plead sufficient facts that "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, the Court is tasked with "separat[ing] the factual allegations from the conclusory statements in order to analyze whether the former, if taken as true, set forth a 'plausible, not merely a conceivable, case for relief.'" Juárez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011)). In conducting this examination, the Court must not "attempt to forecast a plaintiff's likelihood of success on the

4

merits," id., but instead "give the plaintiff the benefit of all reasonable inferences." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)).

When a plaintiff is *pro se*, the Court must apply a liberal reading to the complaint and hold *pro se* litigants to a less stringent pleading standard than that applied to lawyers. Kruskall v. Sallie Mae Serv., Inc., No. 15-cv-11780-DJC, 2016 U.S. Dist. LEXIS 32507, at *2 (D. Mass. Mar. 14, 2016) (citing Green v. Com. of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985)). A *pro se* plaintiff, however, must still comply with procedural and substantive law and "dismissal remains appropriate . . . when the complaint fails to even suggest an actionable claim." Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001).

Even under a liberal reading of the complaint, the Court concludes that Schwann has failed to state a claim upon which relief can be granted. The Court interprets Schwann's complaint as raising national origin discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and Mass. Gen. L. c. 151B, § 4 ("151B"), as well as pendent common law claims. The Court also interprets Schwann's allegations relating to his Weingarten rights to be claims under Section 8(a)(1) of the National Labor Relations Act ("NLRA") for interference with his right to engage in protected concerted activity. Even interpreting the facts in a light most favorable to Schwann, however, none of these claims survive because Schwann has failed to allege plausibly that the allegations of discrimination were "temporally or causally connected to [any] challenged employment decision[s]." Barry v. Moran, 661 F.3d 696, 707 (1st Cir. 2011). Schwann alleges that FedEx began to treat him unfairly and decrease his workload in 2005 and yet it was not until 2008 that Schwann experienced negative comments about his accent in English and speaking Portuguese. Similarly, Schwann does not allege that he showed anyone his Weingarten rights card

5

until 2009. Finally, the Court concludes that here, like in the 2014 complaint, the "only allegation[s] of discrimination based on a protected status" are "allegations of inappropriate 'stray remarks'" that do not "raise a right to relief above the speculative level." Schwann, No. 14-cv-13396, 2015 U.S. Dist. LEXIS 6659, at *3 (D. Mass. Jan. 20, 2015) (quoting Twombly, 550 U.S. at 555).

Most significantly, Schwann's claims are time-barred. Schwann's most recent interaction with FedEx occurred in March 2011, over seven years ago. His common law claims sound both in tort and in contract, for which the statute of limitations has passed. For torts, the statute of limitations in Massachusetts is three years. Mass. Gen. L. c. 260, § 2A. For contracts, the statute of limitations is six years. Mass. Gen. L. c. 260, § 2. Schwann has also exceeded the limitations period for the 151B and Title VII claims. Mass. Gen. L. c. 151B, § 9 (requiring plaintiff to file discrimination claims with administrative agency within 300 days of the alleged discrimination and file complaint in court within 90 days of the resolution of the administrative complaint); 42 U.S.C. § 2000e-5(e)(1), (f)(1) (requiring administrative claim to be made within 180 days of the aggrieved conduct and, if administrative complaint is dismissed, a claim must be filed in court within 90 days); see Goldstein v. Brigham and Women's Faulkner Hosp., Inc., 80 F. Supp. 3d 317, 323 (D. Mass. 2015 (noting that for both Chapter 151B and Title VII claims filed in court, they are subject to a three-year statute of limitations). Schwann's MCAD case closed in February 2014, meaning Schwann missed the 90-day deadline by several years. Schwann argues that the statute of limitations should be tolled, because he filed his prior 2014 complaint in this Court within 90 days of the MCAD decision and filed the complaint in this case within three years of the dismissal of the 2014 case. D. 24 at 16. Equitable tolling, however, is "appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands." Kelley

6

v. NLRB, 79 F.3d 1238, 1248 (1st Cir. 1996) (internal citation and quotation marks omitted). Here, there were no circumstances that prevented Schwann from filing in this Court within the limitations period, as evidenced by the fact that he managed to do so in 2014.

Finally, to the extent Schwann's claims arise under the NLRA, this Court is not the proper venue for those claims. Rather, Schwann must appeal a final order or disposition of the NLRB directly to an appeals court. See 29 U.S.C. 160(f); NLRB v. United Food & Commercial Workers Union, 484 U.S. 112, 131-32 (1987).

### B.    Claims Against Paul Callahan

Because 90 days have passed since Schwann filed the complaint, and Callahan has not been served or waived service of process, the Court could otherwise "dismiss the action without prejudice against [Callahan]." Fed. R. Civ. P. 4(m). The Court, however, dismisses Schwann's claims against Callahan with prejudice because the claims against Callahan, like those against Clark, are "time-barred [] [and] any attempt to amend those claims would be futile." Aronson v. Advanced Cell Tech., Inc., 902 F. Supp. 2d 106, 134 (D. Mass. 2012); see United States ex rel. Kelly v. Novartis Pharm. Corp., 827 F.3d 5, 15 (1st Cir. 2016) (affirming dismissal with prejudice in part because plaintiffs "repeatedly failed to cure the deficiencies in their complaints," and the new complaint "offered nothing new of substance to cure the inferential gaps found in [plaintiffs'] prior complaints"); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (noting that "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand"). In addition, amendments in this case as to Callahan (and Clark) would be futile as to federal claims where the First Circuit has held that there is no individual liability for employees under Title VII. See Fantini v. Salem State Coll., 557 F. 3d 22, 30 (1st Cir. 2009).

7

### C. Amendment of the Complaint to Encompass New Claims Would Be Futile

In his opposition, although it is difficult to discern, Schwann may be requesting leave to amend the complaint by raising new claims. D. 24. Among other allegations in the opposition, Schwann appears to attempt to assert a new theory of a hostile work environment and an amended claim for retaliation relating to his participation in an Attorney General investigation of FedEx. Id. at 8-9, 11. To the extent the Court could construe this *pro se* filing as a motion to amend, however, such amendment would be futile. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (explaining that "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted"). The stray remarks relating to Schwann's national origin and native language do not rise to the level of "severe or pervasive harassment that materially altered the conditions of [Schwann's] employment." Noviello v. City of Boston, 398 F.3d 76, 92 (1st Cir. 2005). Likewise, Schwann fails to allege any facts establishing that he engaged in the type of "protected activity" required for a retaliation claim or that he experienced an adverse employment consequence that was causally connected to his participation in the Attorney General investigation from 2006-2007. See Fantini, 557 F.3d at 32 (listing the required elements for a *prima facie* case of retaliation). Finally, even if Schwann's additional claims were properly pled, they would still be time-barred for the reasons stated above.

### V. Conclusion

For these reasons, the Court ALLOWS FedEx and Clark's motion to dismiss, D. 10, and dismisses the complaint against all the Defendants, including Callahan, with prejudice.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge